# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOHN C. SEKULA and JACQUELINE SEKULA,**

      **Plaintiffs,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　**Case No:   6:15-cv-2104-Orl-31KRS**

**RESIDENTIAL CREDIT SOLUTIONS, INC. and AMERICAN WESTERN HOME INSURANCE,**

      **Defendants.**

## ORDER

This matter comes before the Court without a hearing on the motions to dismiss (Doc. 47, 48) filed by the Defendants, Residential Credit Solutions, Inc. ("Residential Credit") and American Western Home Insurance ("American Western"), as well as the memorandum in opposition (Doc. 53) filed by the Plaintiffs in this putative class action,[1] John Sekula and Jacqueline Sekula.

### I.   Background

According to the allegations of the Amended Complaint (Doc. 46), which are accepted in pertinent part as true for purposes of resolving the instant motion, the Sekulas borrowed $482,400 in 2006 to buy a house in Seminole County.   The mortgage agreement required the Sekulas to maintain insurance coverage on the house and permitted the loan servicer, Defendant Residential Credit, to "force-place" insurance on the property if the Sekulas let their coverage lapse.

---

[1] For present purposes, the Court considers only the allegations involving the Sekulas, as opposed to those involving the other members of the putative class.

Residential Credit force-placed insurance on the property to cover the period from February 26, 2014 to February 26, 2015.  The Sekulas contend that the force-placed insurance was vastly overpriced because, *inter alia*, the amount of coverage exceeded the replacement value of the house, the insurance was back-dated to cover an earlier period when no losses had occurred, and because the premium amount included unearned kick-backs to be paid by the insurer – Defendant American Western – to Residential Credit.

On December 15, 2015, the Sekulas filed a complaint (Doc. 1) against Residential Credit and American Western, asserting claims for breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, violations of the Truth in Lending Act, and tortious interference with business relations.  On April 18, 2015, the Court dismissed the unjust enrichment, TILA, and tortious interference claims without prejudice, but allowed the Sekulas to proceed as to the two breach claims.  (Doc. 42).

In the Amended Complaint (Doc. 46), in addition to the claims for breach of contract (Count I) and breach of the covenant of good faith and fair dealing (Count II), which are asserted against Residential Credit, the Sekulas assert a new claim for tortious interference with business relations against both Defendants (Count III).  By way of the instant motions, the Defendants seek dismissal of the counts asserted against them on several grounds, including the doctrine of *res judicata*.

## II.     Standards

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir.

1993).   The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411,421 (1969).   However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal."   *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action.   *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001).   However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007).   The complaint's factual allegations "must be enough to raise a right to relief above the speculative level,"   *Id.* at 555, and cross "the line from conceivable to plausible."   *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950-1951 (2009).

**III.     Analysis**

    **A.     Res Judicata**

The Defendants first argue that the claims asserted in the instant case are barred by res judicata, based on a foreclosure suit initiated by the mortgage holder in state court in May 2014. (*See* Doc. 48-1.)   That suit went to trial and resulted in a final judgment (Doc. 48-3) entered against the Sekulas on June 29, 2015.   According to the Defendants, the claims at issue in this

case should have been raised as compulsory counterclaims in the foreclosure suit and therefore the Sekulas are precluded from raising them here.

However, under Florida law, res judicata is an affirmative defense, which cannot be raised in a motion to dismiss unless the allegations of a prior pleading in the case demonstrate its existence. *See, e.g., City of Clearwater v. United States Steel Corp.*, 469 So. 2d 915, 916 (Fla. 2d DCA 1985). In considering a motion to dismiss, unless the parties stipulate otherwise, the court is restricted solely to considering the allegations found within the four corners of the complaint. *Id.* The pleadings in this case do not mention the foreclosure case, and the Sekulas have not stipulated to the Court's consideration of any other documents. Accordingly, the issue of res judicata must be pleaded and proven as an affirmative defense. *See, e.g., Livingston v. Spires*, 481 So. 2d 87, 88 (Fla. 1st DCA 1986).

### B. Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing

Residential Credit argues that the Sekulas have failed to state a plausible claim for breach of contract or breach of the covenant of good faith and fair dealing. (Doc. 48 at 19-20). However, as noted above, those claims were also included in the initial complaint, and survived Residential Credit's first motion to dismiss. Residential Credit does not suggest that those claims or its arguments in opposition to them have changed in any material way so as to justify a reexamination.

### C. Tortious Interference

In Count III, the Sekulas assert that the Defendants interfered with the contractual business relationship between themselves and "the mortgagees/lenders/investors that own the mortgage loans for plaintiffs." (Doc. 46 at 21). To state a claim for tortious interference with business relations under Florida law, a plaintiff must allege:

> (1) the existence of a business relationship … (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship.

*Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814 (Fla. 1994) (quoting *Tamiami Trail Tours, Inc. v. Cotton*, 463 So. 2d 1126, 1127 (Fla. 1985)).

The Sekulas asserted a similar claim in their initial complaint; it was dismissed due to the Sekulas' failure to allege that the other party to the relationship – *i.e.*, the unidentified mortgagee/lender/investor – had breached the contractual relationship. (Doc. 42 at 11). The Sekulas had identified a number of ways in which the Defendants had (allegedly) breached the mortgage agreement, but as the Court noted in its previous order,

> The gravamen of a tortious interference claim is that the defendant induced a third party to breach the contract or the relationship, not that the defendant itself did so. *See*, *e.g.*, *Smith v. Ocean State Bank*, 335 So. 2d 641, 543 (Fla. 1976) ("One is liable for commission of this tort who interferes with business relations of another, both existing and prospective, by [inducing] a third person not to enter into or continue a business relation with another or by preventing a third person from continuing a business relation with another.").

(Doc. 42 at 11).

The Sekulas contend that they have cured this issue in their amended complaint. They point to the following sentence from that pleading:

> 85. Because of Defendant's [sic] interference, Plaintiffs were prevented from continuing the relationship with their lender, who finally terminated and breached its relationship with Plaintiffs in 2015.

(Doc. 46 at 22). According to the Sekulas, this sentence "specifically alleges … a breach by the lender and a termination of the relationship, which must be accepted as true for purposes of the dismissal motions." (Doc. 53 at 11). The Sekulas are incorrect that this allegation must be

- 5 -

accepted as true. The cited text does not identify the alleged breach or offer any explanation as to how the activities of the Defendants caused the (also unidentified) lender to commit that breach, and this information is not provided anywhere else in the amended complaint. Such a conclusory allegation of "breach" does not satisfy the requirements to state a claim for tortious interference with contractual relations. *See*, *e.g.*, *Davila,* 326 F.3d at 1185 (stating that conclusory allegations will not prevent dismissal). The Plaintiffs will be given one final chance to state a claim for tortious interference.[2]

### IV.  Conclusion

In consideration of the foregoing, it is hereby

**ORDERED** that the motions to dismiss (Doc. 47, 48) are **GRANTED IN PART AND DENIED IN PART** as set forth above. Count III is **DISMISSED WITHOUT PREJUDICE**. In all other respects, the motions are **DENIED**. If the Sekulas wish to file a second amended complaint to attempt to cure the deficiency in their tortious interference claim, they must do so on or before August 26, 2016.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 15, 2016.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[2] In both the instant motions and in the first motions to dismiss, the Defendants have offered several arguments against the tortious interference claim in addition to the argument regarding the failure to allege a breach by the lender. The Sekulas contend that these other arguments are moot because the Court did not resolve them in the Defendants' favor. However, as the Court has not addressed these arguments, the Defendants may reassert them if the Sekulas choose to reassert a tortious interference claim.